JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE 704 GROUP, LLC,<br><br>            Plaintiff,<br><br>      vs.<br><br>MARINA G. ZARNEGAR AKA MARINA ZARNEGAR; AND DOES 1-10, INCLUSIVE,<br><br>            Defendants. | CASE NO. CV 13-01646 MMM (ANx)<br><br>ORDER GRANTING PETITIONER'S MOTION TO REMAND |

Plaintiff, The 704 Group, LLC ("704 Group") filed this action in Los Angeles Superior Court against Marina G. Zarnegar a/k/a Marina Zarnegar and certain fictitious defendants on January 16, 2013.[1] Defendant removed the action to this court on March 7, 2013, invoking the court's federal question jurisdiction.[2] On September 9, 2013, Plaintiff filed a motion to remand the case to state court, asserting that the complaint does not raise a federal question on its face.[3]

---

[1] Notice of Removal ("Removal"), Docket No. 1 (Mar. 7, 2013), Exh. B (Complaint for Common Count ("Complaint")).

[2] Removal, ¶ 4.

[3] Plaintiff's Motion to Remand Action to State Court ("Remand"), Docket No. 16 (Sept. 9, 2013).

Defendant opposes the motion.[4]

Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the court finds the matter appropriate for decision without oral argument and vacates the hearing scheduled for September 9, 2013.

## I. FACTUAL BACKGROUND

The 704 Group alleges that Zarnegar became indebted to Chase Bank USA, N.A. ("Chase") within the past four years on an open book account/account stated for money paid to her in the amount of $5,019.43.[5] Although demand for payment was made, Zarnegar has allegedly failed to pay any portion of the amount owed.[6] Through a lengthy chain of assignments, the 704 Group acquired all right and title to the open book account from Chase.[7] It seeks to recover $5,019.43 plus interest, as well as its costs of suit.[8]

## II. DISCUSSION

### A. Legal Standard Regarding Removal Jurisdiction

The right to remove a case to federal court is entirely a creature of statute. See *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). The removal statute, 28 U.S.C. § 1441, provides: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

---

[4] Defendant's Opposition to Plaintiff's Demand for Summary Remand ("Opp."), Docket No. 25 (May 13, 2013).

[5] Complaint, ¶¶ 7, 9.

[6] *Id.*, ¶ 9.

[7] *Id.*, ¶ 4.

[8] *Id.* at 3.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, [however,] the case shall be remanded." 28 U.S.C. § 1447(c).

A suit may be removed to federal court under § 1441(a) only if it could have been filed there originally. See *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988), and *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart*, 592 F.2d at 1064). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990), and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)). For the reasons discussed below, the court lacks subject matter jurisdiction to hear this action and must remand the case to Los Angeles Superior Court.

### B. Federal Question Jurisdiction

#### 1. Legal Standard Governing Federal Question Jurisdiction

Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction is presumed absent unless defendant, as the party seeking to invoke the court's jurisdiction, shows that plaintiff has either alleged a federal cause of action, *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"), a state cause of action that turns on a substantial dispositive issue of federal law, *Franchise Tax Bd.*, 463 U.S. at 9; *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field of its subject matter, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); see also *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

Whether a claim "arises under" federal law must be determined by reference to the "well-

pleaded complaint." *Franchise Tax Bd.*, 463 U.S. at 9-10. Since a defendant may remove a case under 28 U.S.C. § 1441(b) only if the claim could have been brought in federal court, the existence of removal jurisdiction must also be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The well-pleaded complaint rule makes plaintiff the "master of the claim" for purposes of removal jurisdiction. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Where a plaintiff could assert claims under both federal and state law, therefore, it can prevent removal by ignoring the federal claim and alleging only state law claims. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir. 1996).

For federal question jurisdiction to attach, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936). Only where the "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties" does a state law cause of action "arise under" the laws of the United States. *Franchise Tax Bd.*, 463 U.S. at 13. A claim does not present a "substantial question" of federal law merely because a federal question is an "ingredient" of the cause of action. Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow Pharmaceuticals*, 478 U.S. at 813.

Likewise, it is not enough for removal purposes that a federal question may arise during the litigation in connection with a defense or counterclaim. "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc.*, 482 U.S. at 392. See also *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). Thus, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd.*, 463 U.S. at 14.

### 2. Whether Federal Question Jurisdiction Exists

There is no federal question apparent on the face of 704 Group's complaint, which alleges a single common count. Defendant asserts that the court has federal question jurisdiction because adjudication of the claim will involve a "substantial, disputed question of federal law."[9] Specifically, she contends that the court has federal question jurisdiction because collection agencies are "subject to the Consumer Credit Protection Act [("CCPA")] 15 U.S.C. 1601 et seq." and because the common count is "predicated on The Fair Debt Collection Practices Act [("FDCPA")]."[10] Neither statute is expressly or implicitly referenced in plaintiff's complaint.

Defendant's argument that collection agencies are subject to the CCPA appears to implicate a federal defense. As noted, the existence of a federal defense is not sufficient to confer subject matter jurisdiction on the federal court. See *Franchise Tax Bd.*, 463 U.S. at 14; *Wells Fargo Bank v. Lapeen*, C 11-01932 LB, 2011 WL 2194117, *1-2 (N.D. Cal. June 6, 2011) ("[T]he [Protecting Tenants at Foreclosure Act] only provides tenants with federal defenses to eviction but does not create a federal ejectment claim or any private right of action. . . . [A]n anticipated federal defense is not sufficient to confer jurisdiction").

A common count for money paid, moreover, is a state law cause of action that is not predicated on the FDCPA. See *Mike Nelson Co., Inc. v. Hathaway*, No. CV F 05–0208 AWI DLB, 2006 WL 3826736, *3 (E.D. Cal. Dec. 28, 2006) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint pled only a common count for account stated and a breach of contract cause of action); *G. Hirsch & Co. v. AmerisourceBergen Corp.*, No. C 06-00608 CW, 2006 WL 1348568, *2 (N.D. Cal. May 17, 2006) ("In California, the essential elements for a common count are (1) a statement of indebtedness in a certain sum; (2) consideration (i.e., goods sold); and (3) non-payment," citing *Farmers Ins. Exchange v. Zerin*, 53 Cal.App.4th 445, 460 (1997)); see also *Compliance Services of America, LLC v. Houser Holdings, LLC*, CV-01269-JST, 2013 WL 4169119, *7-8 (N.D. Cal. Aug. 9, 2013) (stating that

---

[9] Opp. at 1.

[10] *Id.* at 2.

5

a common count is a California cause of action). Because the face of 704 Group's complaint does not raise a federal question, the court lacks jurisdiction under 28 U.S.C. § 1331.

### C. Diversity Jurisdiction

#### 1. Legal Standard Governing Diversity Jurisdiction

Diversity jurisdiction exists where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a). Jurisdiction, including the amount in controversy, is determined at the moment of removal. See *In the Matter of Shell Oil Company*, 970 F.2d 355, 356 (7th Cir. 1992). The amount in controversy is determined from the complaint itself, unless it appears to a legal certainty that the claim is worth a different amount than that pled. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 354 (1961); *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 999 (9th Cir. 2007).

#### 2. Whether Diversity Jurisdiction Exists

Although defendant does not assert that the court has diversity jurisdiction to hear this case, the court considers nonetheless whether such jurisdiction exists. The 704 Group is a California limited liability company.[11] Zarnegar is allegedly a California resident.[12] Because neither the

---

[11]Complaint, ¶ 1. The Ninth Circuit treats limited liability corporations like partnerships for purposes of diversity jurisdiction. See *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (applying the standard used by sister circuits treating LLCs like partnerships). Thus, "an LLC is a citizen of every state of which its owners/members are citizens." *Id.*; see also *Marseilles Hydro Power, LLC v. Marseilles Land and Water Co*, 299 F.3d 643, 652 (7th Cir. 2002) (explaining that "the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); *Handelsman v. Bedford Village Assocs., Ltd Partnership*, 213 F.3d 48, 51-52 (2d Cir. 2000) (recognizing that "a limited liability company has the citizenship of its membership"). Because the citizenship of the members of the 704 Group is not alleged, the court cannot determine whether the citizenship of the parties is completely diverse.

[12]*Id.*, ¶ 2. Residence is different than citizenship. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency. To be a citizen of a state, a natural person must first be a citizen of the United States. The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state"); see also

6

citizenship of the members of the 704 Group nor defendant's citizenship is alleged, the court cannot determine whether the first requirement for the exercise of diversity jurisdiction is met.

Even were their citizenship diverse, however, the 704 Group seeks damages of $5,019.43 plus interest thereon at the rate of 10% per annum from September 26, 2009.[13] It filed the case, moreover, as a limited civil action.[14] See CAL. CODE. CIV. PROC. § 86 (" A case at law in which the demand, exclusive of interest, or the value of the property in controversy amounts to twenty-five thousand dollars ($25,000) or less" is a limited civil action). On its face, therefore, the complaint does not seek damages exceeding $75,000, and the second requirement for the exercise of diversity jurisdiction is not met.

### III. CONCLUSION

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566. For the reasons stated, defendant has failed to carry her burden of showing that the court has subject matter jurisdiction to hear this action. As a consequence, the clerk is directed to remand the case to Los Angeles Superior Court forthwith.

DATED: September 3, 2013

MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE

---

*Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957) ("Residence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode, though, to be sure, domicile often hangs on the slender thread of intent alone, as for instance where one is a wanderer over the earth. Residence is not an immutable condition of domicile"). Based on the allegations in the complaint, the court cannot determine defendant's citizenship.

[13] *Id.*, ¶ 9.

[14] *Id.* at 1.